UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ardell L. Jenkins, | Case No. 19-cv-1051 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michelle M. Bowker, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Applications to Proceeds in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the following reasons, the Court recommends the present action be dismissed without prejudice for lack of jurisdiction and Plaintiff's Applications to Proceeds in District Court Without Prepaying Fees or Costs, [Docket No. 2], be denied as moot.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Upon review of the present Complaint, the Court finds that it lacks subject matter jurisdiction over this action.

Although the contents of the Complaint are difficult to discern, liberally construing the Complaint in Plaintiff's favor he appears to allege that he and Defendant Bowker had a child, but Defendant Bowker "denied [Jenkins] as the father." (Compl., [Docket No. 1], at 3). In his brief Complaint, Jenkins proceeds to make various statements about Defendant Bowker's conduct during her pregnancy. (See, Id. at 3–4). Again liberally construing these factual allegations, it appears Jenkins is alleging Defendant Bowker should not have custody of the child, and as relief he asks the Court for a "grant of cash or check . . . for the set back and distress." (Id. at 4).

As previously noted, before proceeding with a case, a district court must ensure it has subject matter jurisdiction over the dispute. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999); Gen. Mills, Inc. v. Retrobrands USA, LLC, No. 19-cv-0258 (NEB/DTS), 2019 WL 1578689, at *1 (D. Minn. Apr. 12, 2019). In the present case, there is no basis for subject matter jurisdiction.

There are two types of federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. See, e.g., Briks v. Yeager, No. 19-cv-0001 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019); Soltan v. Coburn, No. 09-CV-0478 (JRT/FLN), 2009 WL 2337134, at *3 (D. Minn. July 23, 2009). Neither type of federal subject matter jurisdiction is present here.

First, in the present case, Jenkins indicates that both he and Defendant Bowker are Minnesota citizens. (See, Compl., [Docket No. 1], at 3). Therefore, diversity jurisdiction cannot exist in this action because Plaintiff and Defendant are both residents of Minnesota. See, E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (diversity jurisdiction requires that no defendant is citizen of state where any plaintiff is citizen).

Likewise, federal question jurisdiction does not exist in the present case. Federal question jurisdiction is jurisdiction based on the action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his check-the-box Complaint, Jenkins marked the box indicating that federal-question jurisdiction exists in the present case, but he fails to provide any factual or legal basis for such an assertion. (See, Compl., [Docket No. 1], at 3). After reviewing the Complaint, the Court does not find any federal law potentially violated by the conduct that Jenkins describes in his Complaint or any action "arising under the Constitution, laws, or treaties of the United States."

Furthermore, to the extent this action concerns a custody dispute, it is plainly the sort of dispute over which federal courts lack subject matter jurisdiction. See, e.g., Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (stating that domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); Harris v. Juvenile Ct. St. Paul Minnesota, No. 16-cv-4007 (DWF/BRT), 2017 WL 1102850, at *1 (D. Minn. Feb. 8, 2017) ("[Q]uestions concerning child custody are left entirely to the state courts to answer.") (citing Ankenbrandt)), report and recommendation adopted, 2017 WL 1102689 (D. Minn. Mar. 23, 2017). Thus, the Court finds that federal question jurisdiction does not exist here.

Therefore, as this Court lacks subject matter jurisdiction over this action, the Court recommends that this action be dismissed without prejudice. Accordingly, the Court further recommends that Plaintiff Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be denied as moot.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Dated: June 3, 2019         s/Leo I. Brisbois_____
                            Hon. Leo I. Brisbois
                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).